IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AHMED KHALIFA,

        Plaintiff,

   v.

PNC BANK, NATIONAL
ASSOCIATION, *et al.*,

        Defendants.

Case No. 2:22-cv-3308

Judge Edmund A. Sargus, Jr.

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff Ahmed Khalifa's Motion to Remand and for Attorneys' Fees. (ECF No. 33.) As set forth in the briefing, Defendants PNC Bank, National Association, and Franklina Samani (collectively, "Defendants") do not oppose Plaintiff's request for remand; instead, they challenge only Plaintiff's request for attorneys' fees. (*See* Defs.' Opp'n at 2-3, ECF No. 42.) After a careful review of the pleadings and related briefings, as set forth in greater detail below, the Court **GRANTS** Plaintiff's motion on the issue of remand. As to an award of attorneys' fees, the Court shall address this issue in a forthcoming opinion.

### I.    RELEVANT BACKGROUND

Plaintiff filed this action on August 2, 2022, in the Franklin County Court of Common Pleas. (Not. of Removal ¶ 1, ECF No. 1.) Plaintiff's Complaint, arising from Defendants' alleged practice of paying Plaintiff, an African American with Sudanese heritage, less in commissions than Defendants' Caucasian and American employees. (Compl. ¶¶ 1, 11, ECF No. 10.) Specifically, Plaintiff's Complaint alleges three claims for relief: race and national origin discrimination under Ohio Rev. Code §§ 4112.02 and 4112.99 (Counts I and II), and aiding-and-abetting discrimination under § 4112.02(J) (Count III). (*Id.* ¶¶ 18-38.)

1

On September 1, 2022, Defendants removed the state court action to this Court, asserting that the action was removable under 28 U.S.C. § 1441(a) because the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. of Removal ¶ 6, ECF No. 1.) More precisely, Defendants asserted that there was complete diversity among the parties because Plaintiff is an Ohio resident and Defendant PNC is a citizen of Delaware. (*Id.* ¶¶ 7-8.) In making this assertion, Defendants argued that the Court should disregard Defendant Shamani's Ohio citizenship because Plaintiff fraudulently joined her to this action. (*Id.* ¶¶ 9-21.) Defendants' Notice of Removal also argued that the amount in controversy exceeded $75,000 when considering Plaintiff's potential award for back pay and attorneys' fees. (*Id.* ¶¶ 22-29.)

On October 31, 2022, Defendants filed an Amended Notice of Removal. The Amended Notice of Removal amended, *inter alia*, Defendants' mistaken citation to a section of the Ohio Civil Rights Act governing the propriety of awarding attorneys' fees in age discrimination cases, which provided Defendants with their basis for arguing that the Court should consider attorneys' fees when calculating the amount in controversy under 28 U.S.C. § 1332(a). (*See* Mot. to Am. ¶¶ 5, 7, ECF No. 15; Am. Notice of Removal ¶ 25, n.4, ECF No. 29.)

On December 2, 2022, Plaintiff filed the pending motion to remand this case to the Franklin County Court of Common Pleas. (ECF No. 33.) Defendants have filed their opposition, which only opposes Plaintiff's request for attorneys' fees (ECF No. 42), and Plaintiff has filed his reply (ECF No. 47.) The pending motion is fully briefed and ripe for review.

II.     **LAW & ANALYSIS**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. Original jurisdiction

under § 1441 primarily comes in two flavors: where there is diversity of citizenship between the parties or when the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332. Jurisdiction based on diversity of citizenship between the parties, which provided the basis for removal in the case at bar, exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Here, Defendants' Amended Notice of Removal asserts that the Court has subject matter jurisdiction based on diversity because: (1) complete diversity exists between Plaintiff (an Ohio resident) and Defendant PNC (a Delaware citizen), given that the Court can ignore Defendant Samani's Ohio citizenship because she was fraudulently joined; and (2) the amount in controversy exceeds $75,000 when considering an award of back pay and attorneys' fees. (Am. Notice of Removal ¶¶ 9-18, 23-25, n.4, ECF No. 29.)

**A. Fraudulent Joinder**

The Court begins by addressing Defendants' contention that the Court may ignore Defendant Samani's citizenship for diversity purposes because Plaintiff fraudulently joined her to this action.

Simply put, if "a non-diverse party has been joined as a defendant," such as Defendant Samani, then, in the absence of a federal question, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). To determine whether a defendant is fraudulently joined, a court must ask whether "it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Murray Energy Holdings Co.*, 2016 U.S. Dist. LEXIS 79199, at *6 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Put differently, "the question is whether a colorable cause of action

3

exists against the non-diverse defendant." *Markins v. Sw. Airlines Co.*, No. 5:17 CV 793, 2017 U.S. Dist. LEXIS 148383, at *3 (N.D. Ohio Sept. 13, 2017) (citing *Jerome-Duncan*, 176 F.3d 904, 907 (1994)).

The removing party bears the burden of demonstrating that no colorable cause of action exists under state law. *Murray*, 2016 U.S. Dist. LEXIS 79199, at *6. Courts have described this burden as "an uphill struggle in persuading the Court that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does." *Eckhart v. DePuy Orthopaedics, Inc.*, No. 203-CV-1063, 2004 U.S. Dist. LEXIS 25211, at *6 (S.D. Ohio Mar. 3, 2004); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) ("The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

Defendants fail to carry this "heavy" burden; indeed, Defendants have not even attempted to do so. (*See* Defs.' Opp'n at 3, ECF No. 42 ("Defendants do not oppose his request to remand this case.") Nor should they. The Court finds that Plaintiff has alleged a colorable aiding-and-abetting claim against Defendant Samani—the non-diverse defendant. Count III of Plaintiff's Complaint alleges that "Defendant Samani violated R.C. 4112.02(J) and/or 4112.99 when she aided, abetted, incited, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff set forth in this Complaint." (ECF No. 10, ¶ 35.) The Complaint also alleges that Defendant "Samani was an individual responsible for, and/or who participated in, the adverse employment actions." (*Id.* ¶ 9.) Additionally, the Complaint alleges that "Defendants," which includes Defendant Samani, "were underpaying him," "paid Mr. Khalifa" less than his Caucasian or American counterparts, "ignored" Plaintiff's complaints, and "refused to fix the pay disparity." (*Id.* ¶¶ 12-13, 15, 35.) Based on these allegations, when viewed against the lenient standard applicable to fraudulent joinder claims, "the Court cannot say to a requisite degree of certainty that

4

[P]laintiff will be unable to state a claim against" Defendant Samani, especially when resolving all doubts in favor of remand. *See Vogt v. Total Renal Care, Inc.*, No. 1:13 CV 1719, 2013 U.S. Dist. LEXIS 151562, at *7 (N.D. Ohio Oct. 22, 2013). The Court therefore finds that Defendants have failed to establish that Plaintiff fraudulently joined Defendant Samani. Because complete diversity does not exist in this case, the Court lacks jurisdiction over this matter.

**B. Amount in Controversy**

Although the Court's holding in Section II.A is dispositive on the issue of remand, the Court separately finds that the jurisdictional amount required in diversity actions has not been satisfied here. A district court has original jurisdiction over a civil action between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, Defendants must carry the burden of showing, by a preponderance of the evidence, that the jurisdictional amount is met. *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 2020 U.S. Dist. LEXIS 190696, at *7 (S.D. Ohio Oct. 14, 2020) (citing 28 U.S.C. § 1446(c)(2)(B)). The "preponderance of the evidence" standard in the amount-in-controversy context can be described as follows:

> Preponderance of the evidence "is not a daunting burden," but it "still requires evidence." *Warren v. Sheba Logistics, LLC*, No. 1:15-cv-148, 2016 U.S. Dist. LEXIS 32097, 2016 WL 1057322, at *4 (W.D. Ky. Mar. 14, 2016). That evidence can come from many sources, including a fair reading of the complaint if it contains "clear allegations . . . that the case involved a sum well in excess of the $75,000 minimum." *Crimaldi v. Pitt Ohio Express, LLC*, 185 F.Supp.3d 1004, 1008 (N.D. Ohio 2016); *see also Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, 2020 WL 5051418, at *5 (S.D. Ohio Aug. 27, 2020) (discussing various procedural tools available to a party seeking discovery about the jurisdictional amount). Whatever evidence a party seeking removal might rely on, however, "[m]ere speculation is insufficient." *Terry v. Phelps KY Opco, LLC*, No. 7:20-cv-23, 2020 U.S. Dist. LEXIS 84850, 2020 WL 2500306, at *2 (E.D. Ky. Apr. 20, 2020) (citations omitted). Rather, the party must adduce "competent proof that shows the amount in controversy requirement is satisfied." *Id.*

*Kiparskis v. Envirotest Sys. Corp.*, No. 1:20-cv-2485, 2021 U.S. Dist. LEXIS 6598, at *4 (N.D. Ohio Jan. 13, 2021) (quoting *Total Quality Logistics*, 2020 U.S. Dist. LEXIS 190696, at *14–15).

Here, Defendants have failed to carry their burden. (*See* Defs.' Opp'n at 2, ECF No. 42 ("That said, given Plaintiff's admissions in his Motion to Remand that: (a) he is not pursuing a constructive discharge claim; and (b) his "maximum economic loss" is "around $3,260," Defendants do not oppose remand.").) First, Plaintiff admits that his only economic loss is the delta between his commission rate and that of his Caucasian or American counterparts, which totals approximately $3,260.00. (Mot. to Remand at 18, ECF No. 33.) And to the extent Plaintiff seeks punitive damages, such damages appear to be capped at twice the compensatory damages. (*Id.* at 20 (citing Ohio Rev. Code § 2315.21(D)(2).)

Second, Plaintiff has unambiguously stated that he is not bringing a constructive discharge claim. (*Id.* at 18; *see also* Compl., ECF No. 10.) Defendants predicated much of their amount-in-controversy calculations on the presence of a constructive discharge claim. (*See* Am. Notice of Removal ¶¶ 24-25, ECF No. 29.) By assuming Plaintiff alleged that Defendants constructively discharged him, Defendants argued that his salary-based back pay would exceed $75,000. (*Id.*) But Plaintiff did not allege constructive discharge, nor did he pray for back pay. And in fact, immediately after resigning from his position with Defendants, Plaintiff started a new, higher-paying job. (Mot. to Remand at 18, ECF No. 33.) These earnings would likely reduce any back pay award otherwise available. *See Howe v. City of Akron*, 801 F.3d 718, 744 (6th Cir. 2015).

Third, perhaps recognizing the Sixth Circuit caselaw addressing whether a Court should include attorneys' fees when calculating amount in controversy, Defendants largely appear to have retreated from their position arguing for the inclusion of such fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in

6

determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees."); *see also Sutter v. Am. Family Ins. Co.*, No. 1:20-cv-974, 2021 U.S. Dist. LEXIS 30032, at *9 n.1 (S.D. Ohio Feb. 18, 2021) (excluding attorneys' fees in determining the amount in controversy) (relying on *Williamson*, 481 F.3d at 376)). Defendants do not suggest that Ohio Revised Code Chapter 4112 provides for mandatory fee shifting, nor do they argue that attorneys' fees are provided for by contract. As such, the Court here excludes attorneys' fees when calculating the amount in controversy, as have many other courts in this District. *See Sutter*, 2021 U.S. Dist. LEXIS 30032, at *9 n.1 (S.D. Ohio Feb. 18, 2021); *Turchan v. Equity for Life, LLC*, No. 2:07-cv-435, 2009 U.S. Dist. LEXIS 112032, at *7–8 (S.D. Ohio Dec. 1, 2009); *Pollock v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv-0581, 2011 U.S. Dist. LEXIS 124312, at *6–7 (S.D. Ohio Oct. 26, 2011).

In light of Plaintiff's unchallenged admissions concerning the amount in controversy, coupled with the relevant law on this issue, the Court finds that Defendants have failed to carry their burden to present evidence that the jurisdictional amount is met. For the reasons stated herein, Defendant has failed to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## C. Defendants' Motion to Dismiss

Also pending before the Court is Defendant Samani's Motion to Dismiss Count III of the Complaint. (ECF No. 22.) However, because the Court concludes that it lacks subject matter jurisdiction over this controversy, the Court has no authority to rule on the substance of the motion to dismiss. After remand, Defendant Samani should request a ruling from the Ohio court on its motion. Nothing in this decision should be construed as expressing any views on the merits of Defendant Samani's motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED** on the issue of remand. (ECF No. 33.) This remand is effective immediately, notwithstanding Plaintiff's outstanding request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). The Court therefore retains jurisdiction only to resolve Plaintiff's pending request for fees. Finally, because this federal court lacks subject matter jurisdiction over this action, the Court makes no ruling on Defendants' Motion to Dismiss. (ECF No. 22.)

This case remains open only for the purpose of resolving Plaintiffs' request for attorneys' fees.

**IT IS SO ORDERED.**

4/17/2023                                                   s/Edmund A. Sargus, Jr.
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**